No. 5018.

## J. B. REIHL VS. L. L. MARTIN, ADMINISTRATOR.

In no case can a widow, or the estate of a wife, be held for more than one-half of a community debt, and not even for that much unless the widow or her heirs have accepted the community.

The written acknowledgment of a debt by an administrator will not bind the succession if such debt does not really exist.

APPEAL from the Parish Court, parish of Lafourche. *Knobloch*, J. *Louis Guion*, for plaintiff and appellee. *E. W. Blake* and *L. S. Allain*, for defendant.

The opinion of the court was delivered by SPENCER, J.

Plaintiff took a rule on defendant in the parish court of Lafourche, in which he alleges that on the seventh of December, 1872, he obtained in the district court of said parish a final judgment against said Martin personally for $1479 04.

" That the said Louis Martin is the duly-qualified administrator of the succession of Scholastic Babin, his wife, whose succession was duly opened in said parish on or about the twenty-eighth of June, 1871, and as head of the community existing between him and his said wife he is responsible for the payment of the said claim, which is a claim existing against said community, and has been duly acknowledged by the said administrator as a just debt against the succession of his said wife; that said amount still remains unpaid, and that there is property of the succession which should be sold to pay the same. Wherefore petitioner prays that the said Louis Martin, administrator, be cited to answer this demand within ten days; that after due delay the property of said succession be sold to an amount sufficient to pay the sum due in principal, interest, and costs."

On this application the judge ordered that the administrator pay the amount claimed within ten days or show cause why the property of the succession should not be sold as prayed for.

A citation issued, directed to Louis Martin, and was, with a copy of the rule, served on him personally on the twenty-seventh of February, 1873.

On the seventh of July, 1873, the parish court met in regular session. On the same day, without default, the rule was fixed for trial, tried, and judgment final rendered in favor of plaintiff, ordering " by reason of the law and evidence being in favor of plaintiff and against defendant in his capacity as administrator" that the property of the estate of Scholastic Babin be sold to satisfy and pay plaintiff's demand in principal, interest, and costs.

If any evidence was introduced by plaintiff no note thereof was

taken in writing, but there is found in the record a copy of the plaintiff's. judgment against Louis Martin, upon which he bases the present suit.

On that judgment appears the following indorsement:

"The within judgment is hereby recognized as a debt against the succession of Scholastic Babin, deceased wife of L. Martin.

"Thibodaux, February 20, 1873.

"(Signed)                                L. S. ALLAIN,

"Attorney for L. Martin, Administrator."

From the judgment decreeing the sale of the property of the estate of Babin the administrator prosecutes this appeal, and urges its reversal on the following grounds:

That the debt was one personal to Martin and nowise connected with the community; that the judgment against the wife's estate was rendered without citation; that the debt was not actionable for want of previous presentation to the administrator. C. P. 984. That there is no proof that the administrator accepted said judgment as a debt. against his wife's estate; that there was no judgment by default taken against the administrator, and no evidence was offered to sustain the. judgment.

Under the view the court takes of this case, it is not necessary to pass upon these objections. Taking the plaintiff's case as stated by his petition or rule, and supposing him to have proved all he alleges, the judgment appealed from can not be sustained. He alleges that the debt evidenced by the judgment against the husband was a debt of the community existing between him and his deceased wife Scholastic Babin; that the husband as administrator had recognized it as a debt of the wife's estate, and that the property of her succession should be sold to pay it.

We know no law that makes the wife's estate liable for the whole of a community debt. She nor her estate is liable for any part of it, unless she or her heirs have accepted the community, and then only for one-half of it. Plaintiff does not allege or pretend that there has been such acceptance, either by herself, her heirs, or even by her administrator, if her administrator had such power. He does not allege that the property sought to be sold is community. On the contrary, he alleges that it is the wife's property and in the possession of her succession. Under these allegations and admissions the order of the court. directing the sale of the wife's estate is clearly illegal, and the acknowledgment of the claim as a debt of her estate, whether made by the administrator himself or his attorney, is equally illegal. An administrator may acknowledge the existence of a debt, but his acknowledgment can not create one. This view renders it unnecessary to pass upon the power of an attorney-at-law, simply as such, to acknowledge a debt,

a power which, however, we do not think flows from his capacity as attorney-at-law, acting extra judicially.

In these views we put the plaintiff's case in its strongest light by sup-- posing him to have proved what he alleges. But the record does not show that he proved one single allegation of his petition. His counsel says the court must *presume* that he proved what he alleges, since the judgment recites that it was rendered " by reason of the law and evi-- dence." It is a sufficient answer to this to say that in probate matters the law (C. P. 1042) requires the evidence to be reduced to writing. This court has repeatedly held that in probate matters the law imperatively requires that this note of evidence shall be made, and that its absence is of itself sufficient cause to remand this case. See 16 L. 200, Thompson vs. Benjamin, and same pages 202–3, Graham's Heirs vs. Graham's Administrator.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided and reversed, and that this case be remanded to the lower court, to be proceeded with according to law, plaintiff and appellee paying the costs of appeal.